BRANDON J. HARRISON, Judge, concurring. |r,I concur in the decision to reverse in part because some of our supreme court’s statements in Byrd v. State strongly counsel, if not require, this court to reverse Buckley’s conviction for failing to appear at the 19 September 2012 hearing. I write separately to point out that our supreme court should consider whether to recognize a “conduit” exception to Arkansas Rule of Evidence 502 that operates, for example, when a lawyer acts to communicate third-party information to a client. See generally Byrd v. State, 326 Ark. 10, 15-17, 929 S.W.2d 151, 154-55 (Corbin & Glaze, JJ., dissenting). The conduit notion essentially recognizes that “[a] lawyer may serve as a conduit of information to a client from other sources. [A] recurring example in bail-jumping cases is a lawyer’s statement to a client about the time and place of a subsequent hearing in a criminal prosecution. Those are rather uniformly treated as a lawyer’s conveyance of information from a third party and thus not privileged.” Charles Wolfram, Modem Legal Ethics 259 (1986) (collecting cases). Here is the Restatement’s expression of the same idea: A lawyer may serve as the conduit for information to be conveyed from third persons to the lawyer’s client. For most purposes, notice to a lawyer constitutes notice to the lawyer’s client. In any event, both lawyer and client can be required to testify to the message for which the lawyer served as conduit. Lawyers in such situations serve, not as confidants, but as a communicative link between their clients and opposing parties, courts, and other legal institutions. Were such communications privileged, an opposing party would be required to communicate directly with the client, in derogation of the rule that communications with represented parties must be conducted through their lawyers. Restatement (Third) of Law Governing Lawyers § 69 cmt. i (2000) (internal citations omitted). Based on my reading of Rule 502 — and more importantly, our supreme court’s application of that rule in Byrd — no conduit exception exists in Arkansas. So I agree that 17we must reverse the conviction and sentence Buckley received on the charge of failing to appear at the September 19 hearing, and remand.